# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### January 18, 2012 Session

## STATE OF TENNESSEE v. JEFFREY WADE OSBORNE

**Appeal from the Criminal Court for Williamson County**
**No. II-CR124589     Timothy Easter, Judge**

---

**No.  M2010-02580-CCA-R3-CD - Filed July 12, 2012**

---

Appellant, Jeffrey Osborne, was convicted by a Williamson County jury of burglary and theft of property valued up to $500. Appellant's sole argument on appeal is that the evidence presented at trial was insufficient to support his conviction of burglary because it failed to establish that Appellant lacked effective consent to enter the building that was the basis of the burglary charge. After a thorough review of the record on appeal, we find that a rational trier of fact could conclude that Appellant lacked effective consent. Therefore, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

William P. Holloway, Franklin, Tennessee, for the appellant, Jeffrey Wade Osborne.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Assistant Attorney General; Kim R. Helper, District Attorney General; and Kate Yeager, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

*Factual Background*

In June 2009, Appellant was living with his girlfriend, Crystal Luna. The couple lived within walking distance of Herschel Osborne, Appellant's uncle. On June 22, 2009, Appellant woke Ms. Luna and told her they were going to go to the pawn shops in Columbia that day. In order to avoid an argument, Ms. Luna did not question Appellant. As they

entered Appellant's truck, Ms. Luna noticed there were two saws in the back of the truck, one Stihl saw and one Husqvarna saw.

They drove to Columbia and began stopping at pawn shops. They stopped first at Plus Pawn Shop. Appellant pawned the Stihl saw for $30. Appellant and Ms. Luna then drove to Carmack Pawn and Sales to pawn the Husqvarna saw. The owner of the pawn shop offered to purchase the saw for $100. However, Appellant did not find this amount to be satisfactory. Another man, Aldredge Mayberry, was also in the store. Mr. Mayberry offered to buy the saw from Appellant for $150, and Appellant agreed. Mr. Mayberry gave Appellant $150 cash in exchange for the saw in the parking lot of Carmack Pawn and Sales. Appellant and Ms. Luna then returned home.

When they arrived home, Ms. Luna changed into her bathing suit. She had arranged to go swimming at Mr. Osborne's house. When Ms. Luna left Appellant's house, Appellant followed asking what she was doing. Ms. Luna told Appellant she was going swimming at Mr. Osborne's house. Appellant became angry and insisted that Ms. Luna could not go swimming. Ms. Luna ignored Appellant and continued walking. Appellant followed, yelling at Ms. Luna, "You know it's hot up there." Ms. Luna began arguing with Appellant. Finally, Appellant told Ms. Luna, "You know that's where I got them damn saws from." Shocked, Ms. Luna continued to Mr. Osborne's house. Appellant did not follow.

When Ms. Luna arrived, Mr. Osborne's daughter and son-in-law were there swimming. She waited with them at Mr. Osborne's house until she heard Appellant's truck start and drive away. Ms. Luna returned home, packed two suitcases, and went back to Mr. Osborne's house. When Mr. Osborne arrived home, Ms. Luna told him that Appellant had pawned two of his saws. Mr. Osborne went to his shed where he kept his saws and did not find them there. He looked in various other locations, and confirmed that they were gone.

Mr. Osborne called Captain Fred Bennett of the Williamson County Sheriff's Office. The two arranged to meet the next day to make a police report. Captain Bennett wrote the report and assigned the case to Detective Tony Phillips. Detective Phillips was able to recover the Stihl saw from Plus Pawn and the Husqvarna saw from Mr. Mayberry.

On December 7, 2009, Appellant was indicted for one count of burglary and one count of theft of property valued up to $500. Following a jury trial in Williamson County, Appellant was convicted on both counts. On October 5, 2010, Appellant was sentenced as a Range III, Persistent Offender to ten years on the burglary conviction, and eleven months and twenty-nine days on the theft conviction. The trial court ran the sentences concurrently.

## *ANALYSIS*

### *Sufficiency of the Evidence*

Appellant argues that the evidence was insufficient to support his conviction for burglary. The State argues that the evidence was sufficient. Appellant asserts that, because of the relationship between himself and Mr. Osborne, it was reasonable for Appellant to believe he was allowed to enter Mr. Osborne's shed. Therefore, Appellant avers that the evidence is insufficient to prove each and every element of burglary beyond a reasonable doubt. The State counters Appellant's assertion by arguing that Appellant did not have effective consent to enter the shed and take the saws.

When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the State. *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994); *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. *Id.* The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. *See* Tenn. R. App. P. 13(e); *Harris*, 839 S.W.2d at 75. In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." *See Tuggle*, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. *State v. Morgan*, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); *State v. Matthews,* 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." *Matthews*, 805 S.W.2d at 779. Further, questions concerning the credibility of the witnesses and the weight and value to be given to the evidence, as well as all factual issues raised by such evidence, are resolved by the trier of fact and not the appellate courts. *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990). "The standard of review 'is the same whether the conviction is based upon direct or circumstantial evidence.'" *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)).

Under Tennessee Code Annotated section 39-14-402, as applicable in this case, "[a] person commits burglary who, without the effective consent of the property owner: . . .

[e]nters a building and commits or attempts to commit a felony, theft, or assault." T.C.A.. § 39-14-402(a)(3).

We must determine whether a rational trier of fact could have found that Mr. Osborne did not give his effective consent to Appellant to enter the shed. Under Tennessee Code Annotated section 39-11-106(a)(9), effective consent is defined as follows:

> "Effective consent" means assent in fact, whether express or apparent, including assent by one legally authorized to act for another. Consent is not effective when:
> (A) Induced by deception or coercion;
> (B) Given by a person the defendant knows is not authorized to act as an agent;
> (C) Given by a person who, by reason of youth, mental disease, or defect or intoxication, is known by the defendant to be unable to make reasonable decisions regarding the subject matter; or
> (D) Given solely to detect the commission of an offense

T.C.A. § 39-11-106(a)(9).

In this case, the property in question was a shed located on Mr. Osborne's private property. Mr. Osborne testified that Appellant knew that no one was at Mr. Osborne's house during the day. Mr. Osborne further testified that when Appellant had entered his shed in the past, Appellant had always asked for permission prior to doing so. Finally, Mr. Osborne testified that Appellant did not have his consent to enter his shed without his permission; that Appellant did not have his permission to enter the shed on the date of the offense; and that he would have a problem with Appellant's going into the shed without permission, even if he returned what he might have borrowed or taken.

When taken in a light most favorable to the State, we conclude that any rational trier of fact could reasonably have concluded from the evidence presented that Appellant lacked effective consent to enter Mr. Osborne's shed. Therefore, the evidence was sufficient to support a conviction of burglary.

## *CONCLUSION*

For the foregoing reasons, we affirm the judgments of the trial court.

_____
JERRY L. SMITH, JUDGE